UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Matthew Lankford,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>-v.-<br><br>Convergent Outsourcing, Inc., and Velocity Investments, LLC,<br><br><br>Defendant(s). | Case No: 6:21-cv-1357<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Lankford ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Convergent Outsourcing, Inc. ("Convergent") and Velocity Investments, LLC ("Velocity"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Somervell.

8. Defendant Convergent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA

9. Convergent has a service address at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

10. Upon information and belief, Convergent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is attempting to collect debts.

11. Defendant Velocity is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Velocity has a service address at Corporation Service Company d/b/a CSC – Lawyers Inc, 211 E. 7th Street, Suite 620, Austin, TX 78701.

13. Upon information and belief, Defendant Velocity is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is attempting to collect debts.

## **CLASS ALLEGATIONS**

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of all individuals:

   a. with addresses in the State of Texas;

   b. to whom Convergent sent an initial letter;

   c. on behalf of Velocity;

   d. attempting to collect a consumer debt;

   e. which claimed the statute of limitations could be restarted, "if you take specific action such as making written promise to pay"; and

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

17. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e and 1692f.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692d, 1692e and 1692f.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. Some time prior to September 11, 2021, Plaintiff allegedly incurred an obligation to non-party Lending Corp. as assignee of Webbank ("Lending Corp.").

25. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes, specifically for personal credit.

26. The alleged Lending Corp. obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

27. Lending Corp is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. According to Defendants' letter the current creditor of the Lending Corp. debt is Velocity.

29. Defendant Velocity collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

30. Velocity is a debt buyer.

31. Velocity purchases or otherwise acquires consumer debt from creditor(s).

32. Velocity then collects the consumer debt, hires a third party to collect the consumer debt, or hires an attorney to pursue collection litigation in connection with the consumer debt.

33. Convergent was collecting the Lending Club account on behalf of Velocity.

34. Velocity hired Convergent to collect this consumer debt.

35. Convergent collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet

*Violation – September 11, 2021 Collection Letter*

36. Defendants sent Plaintiff a collection letter on or about September 11, 2021 regarding the alleged debt originally owed to Lending Corp. *See* Letter attached as Exhibit A.

37. The letter states that the statute of limitations has expired on the alleged debt and Plaintiff could no longer be sued.

38. Its states that because of its age, Defendants "cannot sue you on this debt".

39. The letter further states that "you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific action such as making a written promise to pay."

40. This statement is false.

41. Under applicable law, the statute of limitations on the alleged debt cannot be restarted by making a written promise to pay or payment at all.

42. *See* Tex. Fin. Code Ann. § 392.307(d).

43. This false threat prevented Plaintiff from entering into a settlement, or making a payment, for fear of a lawsuit potentially occurring in the future.

44. Plaintiff was misled as to his rights.

45. Plaintiff was misled into believing that making a partial payment or promise to pay could restart the statute of limitation.

46. Plaintiff could have made a partial payment to reduce the balance without fear that doing so would restart the statute of limitations.

47. Plaintiff was prevented from acting this way due to Defendants' improper statements in the Letter.

48. Defendants' actions were false, deceptive, and/or misleading.

49. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

50. Plaintiff was fearful, stressed, emotionally harmed, concerned, and confused by the Letter.

51. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

52. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

53. Plaintiff was hesitant to make a partial payment due in part to Defendants' false claim that such a payment would restart the statute of limitation.

54. Plaintiff was therefore unable to make payment on the debt.

55. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

56. Plaintiff was therefore left with less funds with which to pay off this debt.

57. Defendants' conduct prevented Plaintiff from acting in the ways he would have otherwise acted had Defendants' letter not been improper.

58. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some of this debt when the Letter noted he could then be sued.

59. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

60. These violations by Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adapted to avoid any such violations.

61. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

62. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

63. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

64. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

65. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

66. The harms caused by Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

67. As it relates to this case, the common-law analogue is to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, and fraud.

68. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against an inaccurate

claim which subjects him to the panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

69. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

70. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

71. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

72. Plaintiff is entitled to receive proper debt collection communications with proper notice of the details of the debt, and specifically not information that clouds, conceals, or misconstrues this, as required by the FDCPA.

73. Defendants failed to effectively inform Plaintiff of the relevant information, and in fact attempted to conceal and misconstrue it, in violation of the law.

74. The FDCPA ensures that debtors will use accurate, non-misleading information provided by debt collectors in choosing how to respond to collection attempts and how to manage and repay their debts.

75. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

76. Plaintiff repeats the above allegations as if set forth here.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

78. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. Defendant violated said section by:

   a. falsely representing the character, amount or legal status of the debt in violation of §1692e (2);

   b. threatening to take an action that cannot lawfully be taken in violation of §1692e (5); and

   c. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of §§ 1692e and 1692e (10).

80. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

81. Plaintiff repeats the above allegations as if set forth here.

82. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

83. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

84. Defendant violated this section by

   a. Unfairly representing the character, amount or legal status of the debt;

   b. Using unfair representations or means to attempt to collect a debt.

85. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

86. Plaintiff repeats the above allegations as if set forth here.

87. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

88. Pursuant to 15 U.S.C. §1692d, a debt collector may not harass, oppress, or abuse any person in connection with the collection of a debt.

89. Pursuant to 15 U.S.C. §1692d (1), a debt collector may not use or threaten use of criminal means to harm the property of any person.

90. As described above, Defendants violated Sections 1692d and 1692d (2), inter alia, by threatening that an illegal lawsuit could be filed if Plaintiff made a written promise to pay.

91. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

92. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Matthew Lankford, individually and on behalf of all others similarly situated, demands judgment from Defendant Convergent and Velocity, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 27, 2021

Respectfully submitted,

Stein Saks, PLLC

s/ Yaakov Saks
By: Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500 x101
F. (201) 282-6501
YSaks@SteinSaksLegal.com

*Attorneys for Plaintiff*